IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BLUES DESTINY RECORDS, L.L.C.,

    Plaintiff,

v.

GOOGLE, INC., MICROSOFT
CORPORATION, and RAPIDSHARE AG,

    Defendants.

Case No.: 3:09-cv-538-WS/EMT

## MOTION TO DISMISS COMPLAINT

COMES NOW, Defendant MICROSOFT CORPORATION ("Microsoft"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), which moves the Court to dismiss Plaintiff's Amended Complaint ("Complaint") for lack of subject matter jurisdiction and, in the alternative, for failure to state a claim under the Copyright Act, 17 U.S.C. § 101 *et seq.* In support of its motion, Microsoft would show:

    1.    That the Court lacks subject matter jurisdiction over the Complaint because Plaintiff alleges that certain sound recordings were infringed, but does not allege that such works were registered with the United States Copyright Office prior to filing the Complaint.

    2.    That the Complaint fails to state a claim for vicarious copyright infringement because it does not allege that Microsoft possesses the right and ability to control the alleged infringement by Defendant Rapidshare AG.

3. That the Complaint fails to state a claim for inducing copyright infringement because it does not allege that Microsoft actively promoted the use of its Bing search engine to infringe the recordings on Rapidshare's website.

4. That the Complaint fails to state a claim for contributory copyright infringement because it does not (and could not) allege that the Bing search engine has no substantial non-infringing uses; because the Complaint does not allege that Microsoft has actual knowledge of specific infringing material prior to receiving notification by Plaintiff or continued to provide access to such material after notification; and because Plaintiff has not alleged any direct infringement for which Microsoft could arguably be contributorily liable.

## CERTIFICATE OF COUNSEL CONFERENCE

Pursuant to Rule 7.1(B) of the Local Rules of this Court, the undersigned certifies that he has sought to confer with counsel for the Plaintiff in a good faith attempt to resolve the issues raised by this motion by agreement. Plaintiff's counsel has not agreed to the relief sought herein.

## MEMORANDUM OF LAW

### INTRODUCTION

In this copyright infringement action, Plaintiff Blues Destiny Records, L.L.C. asserts that Defendant Rapidshare AG has facilitated the online file sharing of unauthorized copies of songs that Plaintiff produced, distributes, and sells. Plaintiff asserts that Defendants Google, Inc. and Microsoft Corporation are secondarily liable for the direct copyright infringement by Rapidshare because their search engines may give Internet users links to website addresses (or uniform resource locators ("URLs")) hosting unauthorized copies of Plaintiff's songs that are distributed by Rapidshare.

This case should never have been brought against Microsoft. The Complaint specifically asserts that Microsoft removed any "links to websites offering illegal copies of Plaintiff's Recordings" after receiving notice from Plaintiff and before this action was filed. As explained in Microsoft's accompanying Motion for Partial Summary Judgment, Microsoft's removal of allegedly improper links after notice immunizes Microsoft from any damages liability under the Digital Millennium Copyright Act. But the defects in Plaintiff's Complaint as to Microsoft need not be addressed on summary judgment, because the face of the pleading reveals both a lack of subject matter jurisdiction and a failure to plead properly any basis for liability against Microsoft.

Despite Plaintiff's burden to plead this Court's subject matter jurisdiction, the Complaint does not assert that Plaintiff has registered a single allegedly infringed sound recording with the United States Copyright Office. But such registration of a work is a basic jurisdictional prerequisite for bringing any claim of infringement concerning that work. The Complaint also does not allege the requisite elements for any of the claims of secondary liability asserted against Microsoft. Accordingly, whether pursuant to Rule 12(b)(1) or 12(b)(6), the Complaint must be dismissed as a matter of law.

## ALLEGATIONS OF THE COMPLAINT

According to the Amended Complaint, Plaintiff is a Florida company that produces, distributes, and sells recorded music through its website, www.bluesdestinyrecords.com, in the form of digital downloads, compact disc, vinyl albums, and other audiovisual works. Amended Complaint ("Compl.") ¶¶ 9, 13. The Complaint alleges that Plaintiff is the copyright owner or licensee of certain sound recordings listed on Exhibit A to the Complaint, all of which are songs by musical artists Peter McGraw, Ronny Sessum, and Roy Powers. *Id.* ¶ 13 & Ex. A.

Defendant Rapidshare AG is alleged to be a "German based file sharing service which operates the website www.rapidshare.com, as well as other owned or controlled websites," and which "sells high speed unlimited bandwidth download services and enables centralized file-sharing through its servers." *Id.* ¶ 16. Plaintiff alleges that Rapidshare "has built its business by knowingly facilitating and enabling the trade of illegal unauthorized copyrighted content for its own profit." *Id.* ¶ 18. Defendants Google, Inc. and Microsoft, in turn, allegedly assist in Rapidshare's improper conduct because they each operate Internet search engines that, in response to users' searches, return links to unauthorized copies of Plaintiff's sound recordings on the Rapidshare websites. *Id.* ¶¶ 21-44. The Complaint alleges that Google and Microsoft benefit from linking to sites that contain infringing copies of the recordings because this increases the quantity of traffic on their search engines and, consequently, their advertising revenues. *Id.* ¶¶ 19, 24. Plaintiff's President allegedly performed various Internet searches in November 2009 through both Google's search engine and Microsoft's Bing search engine that produced prominently-displayed links to unauthorized copies of songs by Roy Powers, Peter McGraw, and Ronny Sessum. *Id.* ¶¶ 26-32, 36, 39-43.

The Complaint alleges that Google and Microsoft had knowledge of the links to unauthorized copies of Plaintiff's songs only because Plaintiff sent written notices to Google and Microsoft in late November 2009. *Id.* ¶ 48 & Ex. B. While the Complaint asserts that Microsoft "failed to act expeditiously in removing the illegal website links to the infringing copies of Plaintiff's Recordings" (*id.* ¶ 48), it specifically alleges that Microsoft "removed from its search result [*sic*] the links to websites offering illegal

copies of Plaintiff's Recordings" *before* December 7, 2009, when the Complaint was filed. *Id.* ¶ 38; *see* Dkt. No. 1, ¶ 38 (same allegation in original complaint).

The Complaint asserts a claim of direct copyright infringement against Rapidshare (Compl. ¶¶ 69-74), and secondary liability claims of vicarious infringement (*id.* ¶¶ 53-61), inducement infringement (*id.* ¶¶ 62-68), and contributory infringement (*id.* ¶¶ 45-52) against all three defendants.

## ARGUMENT

### I. The Complaint Must Be Dismissed for Lack of Subject Matter Jurisdiction.

As an initial and dispositive matter, there is no federal subject matter jurisdiction over Plaintiff's copyright infringement claims. Under the Copyright Act, a copyright "owner cannot bring a cause of action for copyright infringement until the owner has complied with the copyright registration procedures . . . which include payment of fees and deposit of copies of the work." *St. Luke's Cataract & Laser Institute, P.A. v. Sanderson*, 573 F.3d 1186, 1201 (11th Cir. 2009); *see* 17 U.S.C. § 411(a) ("no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title"). The Eleventh Circuit has repeatedly recognized that the "registration requirement is a jurisdictional prerequisite to a copyright infringement suit." *St. Luke's Cataract & Laser Institute*, 573 F.3d at 1201 (citation omitted); *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488 (11th Cir. 1990) ("The registration requirement is a jurisdictional prerequisite to an infringement suit."); *see generally Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1285 (11th Cir. 2000) ("before a plaintiff may institute a copyright infringement suit, she must register the copyright").

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to plead "the grounds for the court's jurisdiction" (Fed. R. Civ. P. 8(a)(1)), and "[i]n the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002); *see Carlson v. Bush*, No. 6:07-cv-1129-Orl-19UAM, 2007 U.S. Dist. LEXIS 77677, at *9 (M.D. Fla. Oct. 18, 2007) ("the party asserting federal subject matter jurisdiction bears the burden of proving its existence").

Yet the Complaint here does not allege that any of the works purportedly infringed have been registered with the U.S. Copyright Office prior to suit. Paragraph 13 of the Complaint asserts that Blues Destiny is the "copyright owner or licensee of exclusive rights under copyright to the sound recordings . . . listed in Exhibit A," but fails to allege that Plaintiff has *registered* the works with the Copyright Office. Compl. ¶ 13; *see id.* ¶ 46 ("Plaintiff is the copyright owner with respect to the Recordings"); *id.* ¶ 54 (same); *id.* ¶ 63 (same). Exhibit A, in turn, references numbers of the RIAA (Recording Industry Association of America) for each song, but no Copyright Office registration numbers. *See id.*, Ex. A.[1] The Complaint therefore does not allege a necessary prerequisite to this Court's subject matter jurisdiction. Without any allegation that the Plaintiff holds registrations in the works purportedly infringed, there is no subject matter jurisdiction, and the Complaint must be dismissed as a matter of law pursuant to Rule 12(b)(1). *Watkins v. Se. Newspapers, Inc.*, 163 Fed. Appx. 823, 825, 2006 U.S. App. LEXIS 1375, at *5-*6, Copy L. Rep. (CCH) ¶ 29,120 (11th Cir. Jan. 20, 2006) (where

---

[1] Online records of the Copyright Office, available at http://www.copyright.gov, appear to contain no registrations for any of the works listed on Exhibit A. Indeed, those online records appear to contain no registrations at all for two of the three musical artists listed in Exhibit A, very few for the third (none corresponding to the works on Exhibit A), and no registrations at all in the name of Blues Destiny Records. *See* http://www.copyright.gov/records/ (last visited February 11, 2010).

6

plaintiff "failed to register the copyright in his book before bringing his copyright infringement claims, the district court did not have jurisdiction to consider [his] claims").[2]

## II. Each of the Claims of Secondary Copyright Liability Asserted Against Microsoft Is Defective As a Matter of Law.

Even if this Court had subject matter jurisdiction over the Complaint, it should dismiss the claims against Microsoft for failure to state a claim pursuant to Rule 12(b)(6). Plaintiff purports to assert three theories of secondary copyright liability against Microsoft, but with respect to each one, the Complaint fails to allege necessary elements of the claim. *See Creative Hospitality Ventures, Inc. v. U.S. Liability Ins. Co.*, 655 F. Supp. 2d 1316, 1322 (S.D. Fla. 2009) ("stating a claim that will survive a Rule 12(b)(6) motion requires 'enough factual matter [in the complaint] (taken as true) to suggest' the required elements of the stated cause of action") (quoting *Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007)) (alterations in original).

### A. Plaintiff Has Failed to State a Claim for Vicarious Infringement.

In Count II of the Complaint, Plaintiff asserts that Microsoft is liable for vicarious copyright infringement when users located the allegedly infringing recordings on Rapidshare's websites using the Bing search engine and then downloaded the recordings. Compl. ¶¶ 53-61. "Liability for vicarious copyright infringement arises 'when the defendant profits directly from the infringement and has a right and ability to supervise

---

[2] *See Telemax Entm't, Inc. v. Telemundo Network, Inc.*, No. 04-20150-CIV, 2004 WL 3019373, at *3 (S.D. Fla. Dec. 16, 2004) (on Rule 12(b)(1) motion, plaintiff's "failure to register the alleged television works with the Copyright Office prior to instituting this action strips the Court of jurisdiction over the copyright claims"); *Rene Perez & Assocs., Inc. v. Almeida*, No. 96-1201-CIV, 1996 WL 541736, at *5 (S.D. Fla. May 30, 1996) (dismissing complaint for lack of subject matter jurisdiction where plaintiff had not completed registration prior to filing suit); *see also Country Rd. Music, Inc. v. MP3.com, Inc.*, 279 F. Supp. 2d 325, 332 (S.D.N.Y. 2003) (court lacked jurisdiction over copyright claims based on works registered with Copyright Office after complaint was filed).

7

the direct infringer, even if the defendant initially lacks knowledge of the infringement.'" *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1138 n.19 (11th Cir. 2007) (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 931 n.9 (2005)). The element of supervision requires that "the defendant . . . have the right and ability to *supervise* and *control* the infringement, not just affect it." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 805 (9th Cir. 2007) (affirming dismissal of claim under Rule 12(b)(6)) (emphasis in original). Thus, an Internet search provider does not vicariously infringe merely by linking to copies of infringing works on third-party websites, because search engines typically have no legal right to stop or limit the third parties' direct infringement. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173-75 (9th Cir. 2007) (affirming conclusion that plaintiff had no reasonable likelihood of showing that Google and Amazon had the right to stop the display of infringing images on third-party websites); *see also Visa*, 494 F.3d at 802-06 (applying same reasoning to similar claim against credit card companies that processed payments used to access infringing images).

Here, Plaintiff has not alleged that Microsoft possesses the right and ability to control the alleged infringement by Rapidshare. The Complaint merely alleges that Microsoft has "the right and ability to block or screen links to websites containing illegal copies of Plaintiff's Recordings from appearing in [Bing's] search results." Compl. ¶ 57. But possessing the right and ability to limit *access* to allegedly infringing content on a third-party website does not suffice to state a claim for vicarious infringement—which requires the right to stop the alleged infringement on the website. *See Amazon.com*, 506 F.3d at 1174-75 (rejecting argument that the search provider's ability "to avoid indexing

websites with infringing content and linking to third-party infringing sites" established vicarious infringement); *Visa*, 494 F.3d at 805-06 (rejecting argument that credit card companies had sufficient control because they could withhold their services, making the infringement unviable). Because Plaintiff has not and cannot allege that Microsoft had the right and ability to stop Rapidshare from making the allegedly infringing recordings available through its websites, Count II should be dismissed with prejudice.

### B. Plaintiff Has Failed to State a Claim for Inducement Infringement.

In Count III, Plaintiff asserts a claim against Microsoft for inducing the alleged direct infringement by Rapidshare. Compl. ¶¶ 62-68. In *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005), the Supreme Court recognized that a party may be found liable for actively inducing another to infringe a copyrighted work: "one who distributes a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement, is liable for the resulting acts of infringement by third parties." 545 U.S. at 936-37. However, the Court explained that "mere knowledge of infringing potential or of actual infringing uses would not be enough here to subject a distributor to liability." *Id.* at 937. Rather, inducement requires "active steps taken to encourage direct infringement, . . . such as advertising an infringing use or instructing how to engage in an infringing use." *Id.* at 936 (alterations, quotation marks, and citation omitted). In *Amazon.com*, the Ninth Circuit held that this inducement standard was not met where an Internet search provider provided links to infringing photographs in response to searches, because the search provider had "not promoted the use of its search engine specifically to infringe copyrights." *Amazon.com*, 508 F.3d at 1170 n.11.

Plaintiff has similarly failed to allege that Microsoft actively promoted the use of its Bing search engine to violate the copyrights in the allegedly infringed recordings. In fact, the Complaint only alleges that Microsoft knew of the alleged infringement as a result of Plaintiff's notices, not before. Compl. ¶ 48. But even an allegation that Microsoft previously knew of the alleged infringement—while necessary for a claim of inducement—would not be sufficient to give rise to inducement liability. *See Grokster*, 545 U.S. at 937 (mere knowledge of actual infringing uses not sufficient) ; *see also Visa*, 494 F.3d at 802 (affirming Rule 12(b)(6) dismissal of inducement claim where complaint alleged that credit card companies continued to allow purchases of infringing images despite actual knowledge of the infringement) . Moreover, Plaintiff's allegation that Microsoft "purposefully elect[e]d not to filter or screen such infringing links" (Compl. ¶ 65) likewise fails to support a claim for inducement because it does not demonstrate "clear expression or other affirmative steps taken to foster infringement." *Id.* at 937. Indeed, as Plaintiff alleges elsewhere, Microsoft removed the links to the recordings on Rapidshare's website after receiving Plaintiff's communications (Compl. ¶ 38)—action antithetical to a claim for inducement, which "premises liability on purposeful, culpable expression and conduct." *Grokster*, 545 U.S. at 937. Accordingly, Count III should be dismissed with prejudice for failure to state a claim.

### C. Plaintiff Has Failed to State a Claim for Contributory Infringement.

Count I of the Complaint asserts a claim for contributory infringement against Microsoft. Compl. ¶¶ 45-52. As with Plaintiff's other indirect infringement claims, this claim is premised on the allegations that Microsoft's Bing search engine provided links that to the allegedly infringing recordings on Rapidshare's websites and that Microsoft failed to act quickly enough to remove the links and prevent them from appearing in the

search results. *Id.* ¶¶ 47-48. Plaintiff's allegations fail to state a claim for contributory infringement for three reasons.

First, the Eleventh Circuit has held that "[c]ontributory infringement will not be found if the product in question is capable of 'substantial noninfringing uses.'" *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 846 (11th Cir. 1990) (quoting *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 442 (1984)). In *Grokster*, the Supreme Court reaffirmed this principle of contributory infringement liability, which distinguishes it from inducement liability: "the [contributory infringement] doctrine absolves the equivocal conduct of selling an item with substantial lawful as well as unlawful uses, and limits liability to instances of more acute fault than the mere understanding that some of one's products will be misused." 545 U.S. at 932-33.[3] Here, Plaintiff has not even sought to allege that the Bing search engine has no substantial non-infringing uses (nor could Plaintiff make such an allegation, as it cannot be disputed that the Bing search engine does have such uses).

Second, an Internet search provider cannot be liable for contributory infringement unless "it has *actual* knowledge that *specific* infringing material is available using its system, . . . and can take simple measures to prevent further damage to copyrighted works, . . . yet continues to provide access to infringing works." *Amazon.com*, 508 F.3d at 1172 (citations and quotation marks omitted) (emphasis in original). Here, the Complaint alleges that Microsoft learned of the purportedly infringing recordings as a result of Plaintiff's notices (Compl. ¶ 48) *and* that Microsoft removed the offending links

---

[3] *See also* 545 U.S. at 942 ("Liability under our jurisprudence may be predicated on actively encouraging (or inducing) infringement through specific acts (as the Court's opinion develops) or on distributing a product distributees use to infringe copyrights, *if the product is not capable of 'substantial' or 'commercially significant' noninfringing uses.*") (Ginsburg, J., concurring) (quoting *Sony*, 464 U.S. at 442) (emphasis added).

before the Complaint was filed (*id.* ¶ 38). These allegations by Plaintiff defeat its claim that Microsoft failed to take steps to prevent access to the allegedly infringing recordings. Although Plaintiff asserts in Count I that Microsoft did not act "expeditiously" in removing links of which Plaintiff gave it notice, Plaintiff's allegations establish that Microsoft first received a barebones communication from Plaintiff on November 19, 2009 and a more detailed (albeit still insufficient) communication on November 20, 2009 (*id.* ¶ 48 & Ex. B), and that Microsoft removed the links at some point before December 7, 2009—the date Plaintiff filed its initial complaint (*see* Dkt. No. 1, ¶ 38). (In fact, the links were removed on November 25, 2009.)[4] The very short period alleged in the Complaint before the links were removed cannot establish that Microsoft "continue[d] to provide access to infringing works" after it had "actual knowledge that specific infringing material is available using its system." *Amazon.com*, 508 F.3d at 1172 (emphasis omitted). Accordingly, Microsoft's alleged conduct does not give rise to a claim for contributory infringement. *Id.*

Third, even if Plaintiff were to contend that Microsoft "continue[d] to provide access to infringing works" *with* the requisite knowledge, a contributory infringement claim requires that Microsoft's failure to remove the links earlier than it did caused instances of direct infringement. *See Greenberg v. Nat'l Geographic Soc'y*, 244 F.3d 1267, 1271 n.6 (11th Cir. 2001) ("there can be no contributory infringement without a finding that there was direct copyright infringement by another party"); *Amazon.com*, 508

---

[4] As established in Microsoft's Motion for Partial Summary Judgment, which is being filed concurrently herewith, Microsoft did not receive a communication from Plaintiff actually identifying the offending links until November 23, 2009, and Microsoft removed the identified links from the Bing search engine just *two* days later, on November 25, 2009. *See* Microsoft's Motion for Partial Summary Judgment at 3-5. Although these undisputed facts conclusively rebut Plaintiff's allegation that Microsoft failed to act expeditiously, for purposes of the present motion to dismiss it is immaterial whether Microsoft removed the links on November 25 or December 6 because Plaintiff's claim for contributory infringement fails as a mater of law under the later of the two dates.

F.3d at 1173 n.13 (contributory infringement claim that links from Google's website allegedly resulted in unauthorized copying of images failed in the absence of any evidence that Google users performed such copying). But the Complaint does not allege, even on information and belief, that a single Bing user located and downloaded an unauthorized copy of any of Plaintiff's recordings through the Rapidshare websites between the time that Microsoft received Plaintiff's first communication (November 19, 2009) and the filing of the Complaint (December 7, 2009), by which time Microsoft concededly removed the links.[5]

## CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that Plaintiff's Complaint against Microsoft be dismissed with prejudice.

Respectfully submitted,

Date:  February 16, 2010

/s/ Millard L. Fretland
Millard L. Fretland
Florida Bar No. 371671
CONROY, SIMBERG, GANON,
KREVANS, ABEL, LURVEY, MORROW
& SCHEFER, P.A.
One Pensacola Plaza
125 West Romana Street, Suite 150
Pensacola, FL  32502-5823
(850) 436-6605 (Telephone)
(850) 436-2102 (Facsimile)
Email: mfretland@conroysimberg.com

---

[5] Plaintiffs' vague and unspecific allegation that "Defendants facilitated, materially contributed to, and caused infringement of Plaintiff's copyrighted Recordings" (Compl. ¶ 47) cannot establish that Microsoft contributed to any actual infringements by Bing users in the time period after Plaintiff allegedly gave Microsoft notice. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1951 (2009) (generalized assertions are "conclusory and not entitled to be assumed true"). By failing to plead adequately any direct infringement during this time, Plaintiff has not nudged its contributory infringement claim against Microsoft "across the line from conceivable to plausible." Id.

Simon J. Frankel (*pro hac vice*)
California Bar No. 171552
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
(415) 591-6000 (Telephone)
(415) 955-6552 (Facsimile)
Email: sfrankel@cov.com

*Counsel for Defendant Microsoft Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2010, a copy of the foregoing document was filed on the Court's Electronic Case Filing System. Pursuant to Local Rule 5.1(A)(6), this constitutes service on each party who is registered as a Filing User and has consented to service by electronic means.

> s/ Millard L. Fretland
> CONROY, SIMBERG, GANON,
> KREVANS, ABEL, LURVEY,
> MORROW, & SCHEFER, P.A.
> Florida Bar No. 371671
> Attorney for Defendant
> 125 West Romana Street
> Suite 150
> Pensacola, FL 32502-5823
> Phone: (850) 436-6605
> Fax: (850) 436-2102
> *Counsel for Defendant Microsoft Corporation*